EAMON JAFARI [SBN 294952]
JACOB R. GOULD [SBN 295361]
BARRINGTON LEGAL, INC.
11601 WILSHIRE BLVD., SUITE 500
LOS ANGELES, CA 90025
Telephone: (310) 231-8755
Fax: 1 (800) 376-9719
Email:jafari@barringtonlegal.com
Email:gould@barringtonlegal.com

Attorneys for Plaintiff
TIMOTHY CAMPBELL

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re:<br><br>FIREFORGE, INC.<br>         Debtor<br>_____<br>TIMOTHY CAMPBELL<br><br>       Plaintiff,<br>   vs.<br><br>MIN PRODUCTIONS PTE LTD.<br><br>      Defendant. | Case No.  8:16-BK-13001<br><br>Chapter 7<br><br>Adversary Pro. No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |

COMES NOW TIMOTHY CAMPBELL, Non-Debtor Defendant in the District Court case, and alleges as follows:

### SUMMARY OF THE ACTION

1.      This is an adversary proceeding seeking declaratory and injunctive relief to enjoin the continued prosecution of the lawsuit that Min Productions PTE LTD ("Min") brought against FireForge, Inc. ("FireForge" or "Debtor") and its non-debtor corporate officer.  The District Court action (the



"Action") brings claims against Debtor's non-debtor corporate officer Timothy Campbell ("Non-Debtor Officer" or "Campbell").

2.      The Action brings claims for breach of contract, breach of covenant of good faith and fair dealing, conversion, unjust enrichment, fraud, violations of California Business and Professions Code § 17200 *et seq*., and for declaratory relief against Debtor and against Non-Debtor based on alter ego liability.  The current trial date in the Action is September 13, 2016.

3.      Continuation of the Action outside the bankruptcy case threatens to harm the Debtor's estate.  Pursuant to Debtor's Bylaws, the company indemnifies all corporate directors and officers.  Any judgment awarded against Campbell would be an obligation on and impact the Debtor's estate as the real party in interest.

4.      Continuation of the Action outside the bankruptcy case also threatens Debtor who may be subject to a continuation of the Action after resolution against Non-Debtor, causing a potential for inconsistent rulings and needlessly clogging the district court's docket with duplicative proceedings.

5.      The Action is now stayed as to Debtor pursuant to the automatic stay.  11 U.S.C. § 362. Campbell brings this adversary proceeding pursuant to Fed. R. Bankr. P. 7001 seeking declaratory and injunctive relief to stay or enjoin the Action as to the Non-Debtor Officer pursuant to sections 362 and 105 of the Bankruptcy Code.

## PARTIES

6.      Plaintiff Timothy Campbell is an individual who is a citizen of California and resides and is domiciled in the Central District of California.

7.      Min Productions Pte. Ltd  is the plaintiff in the Action.  Min is a business entity organized under the laws of the country of Singapore and maintains its principle place of business in Singapore.

## JURISDICTION

1.      The above-captioned bankruptcy action commenced by filing a voluntary Chapter 7 petition on July 15, 2016.

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334 and the general reference provided by Bankruptcy Local Rule 5011-1.



3.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

4.      Venue is proper under 28 U.S.C. § 1409 on account of FireForge's bankruptcy case under chapter 11 of title 11 of the United States Code.

## RELIEF REQUESTED

5.      By this Complaint, the Non-Debtor seeks a declaratory judgment pursuant to 11 U.S.C. §§ 105 and 362 to extend the automatic stay under Section 362(a)(1) and 362(a)(3) to the Action, or in the alternative, to stay or enjoin the continuation of the Action pursuant to section 105 of the Bankruptcy Code during the pendency of the Debtor's chapter 7 case.

## GENERAL ALLEGATIONS

## COMMENCEMENT OF FIREFORGE AND RELATIONSHIP WITH MIN

6.      The Action involves a company created to develop and publish video games.  After preliminary discussions in January and February 2011, on March 2, 2011 Min-Liang Tan ("Tan") induced Campbell to leave the company that Campbell co-founded to work with Tan to create a new videogame production company.

7.      Tan represented to Campbell that the project would be funded by an entity formed by Tan, that Campbell later came to know was Min.  Tan formed Min to fund FireForge.  On or about April 1, 2011, Roark Capital Limited ("RCL") and Campbell formed FireForge Private Ltd. ("FireForge Private"), a Singaporean company.  RCL held a 50.1% interest and Campbell held 49.9 % percent interest in FireForge Private.

8.      On or about March 29, 2011, FireForge, Inc. was formed in California, USA, which was intended to be the wholly owned subsidiary of FireForge Private. The Bylaws of FireForge include in Article V, a full indemnification provision of officers, directors and employees.

9.      Campbell is the CEO and a director of FireForge.

10.     On or about April 26, 2011, Tan informed Campbell that he wanted Min and FireForge to sign a game development agreement regarding Game 1.  The parties went back and forth regarding the provisions of the agreement and Campbell signed the document on July 29, 2011 based upon Tan's representation that: (1) the purpose of signing the Partial Agreement was merely for Tan and Min to have something in writing to show their investors, but that the Partial Agreement would not be strictly



COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

3

enforced or treated as a hard contract; (2) the timelines for completions of stages of production in the Partial Agreement were unrealistic and would not be enforced; Tan and Min repeatedly assured Campbell and Debtor that they understood that the first game would take at least 18 months to produce, not the 10 months called for in the Partial Agreement; and (3) Tan, Min, and their investors would provide a total of $9 million in funding that would be split flexibly among three videogames, with most funding allocated to the first game, as many of the costs for the three games would be redundant.

11.     Campbell informed Tan, on June 19, 2012 by email, that the estimated cost to complete Game 1 was $4 million to $5 million, and $2 million or $2.5 million apiece for the remaining two games. In the July 20, 2012 email from Tan to Campbell, Tan stated that he and Campbell should be prepared for work on Game 1 and Game 2 to continue until October of 2013.  Despite oral confirmation by Tan of the budget and written confirmation of the projected time frame, Min stopped providing funding to FireForge by February 2013, approximately 7 months before the projected completion date.

**MIN COMMENCES LEGAL PROCEEDINGS IN THE DISTRICT COURT**

12.     On June 18, 2014, plaintiff Min filed the Action in the district court for the central district of California. In the complaint Min contended that FireForge, acting through Campbell, entered into a written agreement to develop a particular videogame for Min.  Min alleged that under said written agreement Min was to pay FireForge approximately two million dollars to develop a video game and that the development fell behind schedule and went over budget, such that Min ended up paying FireForge more than twice the amount, and that FireForge did not finish the game. The Action brings multiple claims in the name of Min, including claims for breach of contract, breach of covenant of good faith and fair dealing, conversion, unjust enrichment, fraud, and violations of California Business and Professions Code § 17200 *et seq.*, against FireForge, and against Campbell under a theory of alter ego liability.

13.     FireForge and Campbell denied all claims asserted against them and asserted various affirmative defenses, including fraudulent inducement and novation, among others.  FireForge and Campbell further filed a counter claim on June 25, 2015 along with an answer to the second amended complaint. Defendants voluntarily dismissed their third amended counterclaims on May 22, 2016 with prejudice based upon Tan's representation that he would only discuss settlement if Defendants



dismissed their counterclaims with prejudice.  The parties were unable to reach a settlement and the original action proceeded.

14.     On July 15, 2016, FireForge was forced to voluntarily file Chapter 7 in this Court.

### DEBTOR'S INDEMNIFICATION OBLIGATIONS

15.     Debtor FireForge has indemnification obligations to Campbell based on Article V of its bylaws.  FireForge's Bylaws provide for the broad indemnification of its current and former directors, officers and employees.  These obligations cover defense and settlement costs associated with claims arising out of an act or omission committed in good faith while acting as an officer or director.

### CONTINUATION OF THE ACTION WILL BE DETRIMENTAL TO DEBTOR'S ESTATE

16.     If the Action continues, and is not stayed or enjoined, the Debtor's estate will be harmed.

17.     First, all claims brought against Campbell are based purely on an alter ego liability theory, therefore Debtor is the real party in interest, as the claims against Campbell are "substantially similar to"—as the sole liability is based upon a theory of alter ego—and "hopelessly intertwined" with its claims against FireForge.

18.     Second, the Action will create indemnification obligations for the Debtor.  Pursuant to its bylaws, FireForge is obligated to indemnify its current and former directors and officers for losses, including defense and settlement costs. The Action brings all claims against FireForge's chief executive officer, under an alter ego liability theory.  Campbell therefore will have a direct Claim against the Debtor's estate for his defense costs and any settlement or judgment.

19.     Third, Debtor will be severely disadvantaged should the Action proceed against Campbell where there will be two overlapping proceedings involving the same facts and evidence, should the stay be subsequently lifted as to FireForge while Campbell is in trial or after any judgment that may be rendered against Campbell, causing an inconsistent ruling in the district court.

### FIRST CLAIM FOR RELIEF

(Declaratory Judgement – 11 U.S.C. § 362(a))

20.     Campbell repeats and incorporates the allegations contained in paragraph 1 through 19 of this Complaint as if fully set forth herein.





21.     Campbell seeks an order staying the continuation of the Action in its entirety until the resolution of Debtor's bankruptcy proceeding, pursuant to sections 362(a)(1) and 362(a)(3) of the Bankruptcy Code.

22.     Extension of the stay is warranted because continuation of the Action against the Non-Debtor Officer would expose Debtor to indemnification claims by Campbell, further jeopardizing property of the Debtor's estate.

23.     The claims asserted against Campbell are substantially similar and hopelessly intertwined with the claims against Debtor as the real party interest.

24.     There is the potential for overlapping proceedings and inconsistent rulings should the Action proceed against Campbell, before resolution of the bankruptcy proceeding.

25.     Based on the foregoing, Campbell seeks a declaratory judgment extending the stay under sections 362(a)(1) and 362(a)(3) of the Bankruptcy Code to the continuation of the Action against Campbell.

## SECOND CLAIM FOR RELIEF

### (Injunctive Relief—11 U.S.C. § 105(a))

26.     Campbell repeats and incorporates the allegations contained in paragraph 1 through 25 of this Complaint as if fully set forth herein.

27.     Campbell seeks an injunction enjoining the continued prosecution of the Action against Campbell by Min under section 105(a) of the Bankruptcy Code until final resolution of the bankruptcy proceeding or further order of this Court.

28.     Section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

29.     For the reasons stated herein, this Court should apply section 105 of the Bankruptcy Code to enjoin the continuation of the Action against Campbell because the continuation of the case against Campbell will interfere with the property of Debtor's estate.

30.     The likelihood of irreparable harm to the Debtor in the absence of injunctive relief far outweighs any harm to the parties in the Action. The plaintiff in the Action will suffer little if any harm if the Action is enjoined until the resolution date of the bankruptcy proceeding.



31.     If the Action against Campbell is not enjoined, the Debtor and Campbell will likely suffer harm, including:

       a.   The risk that continuation of the Action will result in a depletion of funds that are an asset of the Debtor's estate;

       b.   The risk that Debtor will face indemnification claims from Campbell; and

       c.   The risk that the Debtor will face inconsistent rulings should the Action proceed against Campbell and subsequently proceed against Debtor after the resolution of the Action as against Campbell.

32.     The injunctive relief sought by Campbell is necessary and proper in order to allow the Debtor to resolve the bankruptcy proceeding or rejoin the Action without being subject to inconsistent rulings and duplicative legal costs.

33.     Based on the foregoing, Campbell seeks an injunction under section 105(a) of the Bankruptcy Code to enjoin the continuation of the Action against Campbell until a final resolution of FireForge's bankruptcy proceeding or further order of this Court.

### THIRD CLAIM FOR RELIEF

(Violation of Automatic Stay—11 U.S.C. § 362)

34.     Campbell repeats and incorporates the allegations contained in paragraph 1 through 33 of this Complaint as if fully set forth herein.

35.     The Debtor filed a Chapter 7 petition on July 15, 2016, within the meaning of Bankruptcy Code Section 301.

36.     Upon filing the Chapter 7 petition, the automatic stay of the Bankruptcy Code Section 362 arose.



37.     With knowledge of the bankruptcy case and the automatic stay against FireForge, and the indemnification of Campbell under the FireForge Bylaws, Min persisted in attempting to litigate the Action with no attempt to separate the issues and causes of action as against the Debtor and Non-Debtor, forcing Campbell to incur attorney's fees, with the express purpose of committing waste and harming the Bankruptcy estate of FireForge.

38.     Therefore, Min's post-petition activity constitutes willful violations of the automatic stay created by the Bankruptcy Code § 362(a), and Campbell and the Bankruptcy Estate have been damaged by the aforesaid conduct.

39.     Therefore, the Bankruptcy Estate and Campbell are entitled to an award of actual damages, including attorneys' fees and costs, and punitive damages pursuant to Bankruptcy Code § 362(k).

///

///

///

///

///

///

///

///

///

///

///

///



## **PRAYER FOR RELIEF**

WHEREFORE, Campbell demands judgment against Min Production and requests the following relief:

1.    Pursuant to the First Cause of Action, the entry of a declaratory judgment that the continuation of the Action against Campbell is stayed under Bankruptcy Code Sections 362(a)(1) and/or 362(a)(3) until a final resolution of FireForge's bankruptcy proceeding, or further order of this court;

2.    Pursuant to the Second Cause of Action, the entry of an Order enjoining prosecution of the Action against Campbell until a final resolution of FireForge's bankruptcy proceeding, or further order of this Court;

3.    Pursuant to Third Cause of Action, for an award of actual damages, including attorneys' fees and costs, according to proof;

4.    For punitive damages;

5.    For costs of suit herein; and

6.    For such other and further relief as this Court deems just and proper under the circumstances.


Dated:  July 27, 2016                    By:    _____/s/ Eamon Jafari_____
                                               Eamon Jafari
                                               Attorneys for Non-Debtor Timothy Campbell

